UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JENNIFER POST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| UHG I LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JENNIFER POST, by and through her attorneys, Molner Law Group, LLC, alleges the following against Defendant, UHG I LLC:

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

1

## PARTIES

5. Plaintiff is a natural person residing in the Village of Rushville, Buchanan County, State of Missouri.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Delaware limited liability company, national debt collection agency, and debt buyer based in the Village of Williamsville, Erie County, State of New York.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or delinquent or defaulted debts it purchased.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to itself or third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or debts it purchased from third parties.

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff arising from a CashNetUSA account.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

19. In or around January 2020, Defendant began inundating Plaintiff with collection calls in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff on her cellular telephone at 575-805-3300 in an attempt to collect the alleged debt.

21. In or around March 2020, Plaintiff spoke to one of Defendant's collectors.

22. During the above-referenced collection call:

    a. Defendant's collector, who identified himself as Dave, threatened Plaintiff with a lawsuit if Plaintiff did not pay the alleged debt; and

    b. Out of fear, Plaintiff set up a payment arrangement to pay the alleged debt.

23. To date, Plaintiff has not paid the alleged debt.

24. To date, Defendant has not sued Plaintiff.

25. Defendant has never intended to sue Plaintiff.

26. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

27. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

28. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

3

29. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant attempted to collect a debt from Plaintiff with coercive tactics by making empty threats to Plaintiff about a lawsuit if Plaintiff did not pay the alleged debt;

   a. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

   b. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant made empty threats to Plaintiff about a lawsuit if Plaintiff did not pay the alleged debt;

   c. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant made the empty threat to sue Plaintiff if Plaintiff did not pay the alleged debt;

   d. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant made empty threats to Plaintiff about a lawsuit if Plaintiff did not pay the alleged debt;

4

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein; and

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff JENNIFER POST, respectfully requests judgment be entered against UHG I LLC, for the following:

a. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate

Respectfully submitted,
MOLNER LAW GROUP, LLC

June 2, 2020 By: /s/ Mark D. Molner
Mark D. Molner, MO Bar # 62189
300 E. 39th Street, Suite 1G
Kansas City, MO 64111
816-281-8549 – office
816-817-1473 – facsimile
mark@molnerlaw.com
Attorney for Plaintiff